## BETCHER et al. v. SOUTHERN PACIFIC CO.

Circuit Court of Appeals, Fifth Circuit.
November 28, 1928.

No. 5375.

Allen R. Grambling, of El Paso, Tex. (Jones, Hardie & Grambling, of El Paso, Tex., on the brief), for appellants.

Del W. Harrington, of El Paso, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action against a railroad company for death by wrongful act. The negligence complained of was the starting of a train without warning.

George M. Witham, the deceased, was a caretaker of several cars of bananas, and as such it was his duty to go on top of the cars and raise or lower vents so as to keep the bananas at the proper temperature. His ticket required him to ride in the caboose while the train was in motion. The train was made up of 41 cars, of which 20 were banana cars, with the caboose at the rear end, and, while proceeding on the trip, stopped at a station about 9 o'clock at night. Witham and two other caretakers, or "banana messengers," were told by the conductor that the train would be at the station only a few minutes, but they all left the caboose and went up on top of the cars to adjust vents. Within a minute or two the engineer blew four blasts of the engine's whistle to call in the flagman who had gone to the rear to flag any approaching train, and the other two caretakers who were with Witham came down and returned to the caboose. They testified that four blasts of the whistle was the signal usually given to call in the flagman preparatory to leaving. One of them testified that as he came down he called to Witham, who was on top of the second car forward from the caboose, that the flagman had been called in, and the train was going to start, but that Witham replied that he had a long trip to make, and was going to attend to his cars. It was the duty of the engineer to sound two blasts of his whistle before starting the train, but the testimony was in conflict as to whether on this occasion the signal of two blasts was in fact given. The taking up of slack of a long train in starting makes much noise as the cars get in motion, not all at once, but in succession from the front to the rear, so that one near the rear end has warning in advance of the movement of the car on which he is riding or standing. Almost immediately after the train moved from the station, the outcries of Witham were heard, the train was stopped, and he was found fatally injured under the wheels of the caboose. At the conclusion of the evidence, the court directed a verdict and entered judgment for the railroad company.

We are of opinion that the alleged failure of the engineer to sound two blasts of the whistle, as a signal that the train was about to start, was not shown to be the proximate cause of Witham's death. The theory of appellants is that he was stooping over the vents and was thrown off his balance, although it would seem that the taking up of slack would have given him time to brace himself as effectually as would a signal from the engine. There is no direct evidence on the subject. The circumstances leave the proximate cause in doubt, and are as consistent with the inference either that Witham stumbled, or fell between the cars, as they are with the theory of appellants. The result is that the evidence is equally consistent with two or more theories, so that it is impossible to determine the real cause of the accident. Witham's ticket required him to be in the caboose while the train was in motion, and, if he intentionally remained on top of the cars while they were in motion, the railroad company would not be liable. The burden was on appellants to negative the inference that death was the result of some

736

cause for which appellee was not responsible. Patton v. T. & P. R. Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361; Chicago, etc., Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041.

The conclusion is that the evidence was insufficient to support a verdict in favor of appellants.

The judgment is affirmed.